

# Fourth Court of Appeals
## San Antonio, Texas

June 22, 2022

No. 04-22-00339-CR

Rodolfo **MEZA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR0543
Honorable Jennifer Pena, Judge Presiding

# O R D E R

The trial court deferred adjudication in the underlying cause on February 22, 2021. Because appellant did not file a motion for new trial, the notice of appeal was due by March 24, 2021. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by April 8, 2021. *See id.* R. 26.3. Appellant filed two pro se notices of appeal—the first on June 8, 2022 and the second on June 9, 2022—reflecting a sentenced imposed on February 22, 2022. On June 14, 2022, the trial court appointed appellate counsel. On June 16, 2022, appellant filed a third pro se notice of appeal, together with a motion for leave to file late notice of appeal, reflecting a sentenced imposed on February 22, 2021. The trial court's docket sheet reflects a motion to revoke/adjudicate was heard on February 9, 2022 and was denied. No adjudication order appears in the record.

We have identified two potential jurisdictional defects that may require us to dismiss this appeal.

First, a timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Having reviewed the record, it appears that the notices of appeal and motion for extension were untimely filed.

Second, Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Here, the clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Therefore, the trial court's certification appears to accurately reflects that the criminal case is a plea-bargain case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

We therefore **ORDER** appellant to clarify the order appealed from and to show cause in writing **by JULY 22, 2022** why this appeal should not be dismissed for lack of jurisdiction.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of June, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court